PEOPLE ex rel. MOYNEHAN v. GAUS, Comptroller.

(Supreme Court, Appellate Division, Third Department. September 15, 1909.)

TAXATION (§ 703*) — SALE FOR UNPAID TAXES — REDEMPTION—"OCCUPANCY"— "OCCUPANT."

     An owner of a preserve purchased additional land to straighten the boundary line thereof. The additional land was subsequently used in connection with the preserve. The owner's superintendent actually resided on the preserve, and controlled the same, including the additional land which was not inclosed, cultivated, or improved. The owner expended large sums in improving the other portion of the preserve, and also continuously kept domestic animals thereon. He also maintained on the premises metal notices warning persons against trespassing. The notices were placed along the boundary of the preserve, including the additional land. *Held*, to show an actual occupancy and possession by the owner of the entire premises, including the additional land within Tax Law (Consol. Laws, c. 60) § 134, defining an "occupant" as one who has lawfully entered on land and is in possession thereof to the exclusion of others, and "occupancy" as the actual, lawful, and exclusive use and possession of land by the occupant, and the owner was entitled to notice to redeem the premises from a tax sale.

     [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1416; Dec. Dig. § 703.*

     For other definitions, see Words and Phrases, vol. 6, pp. 4897–4906; vol. 8, p. 7736.]

Certiorari by the People, on the relation of Patrick Moynehan, against Charles H. Gaus, Comptroller of the State of New York, to review his determination to grant the application to redeem described land from a sale for unpaid taxes. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

George N. Ostrander, for relator.
Albert Hessberg, for respondent.

SEWELL, J. The relator purchased the lands in question at the sale of 1905, and March 12, 1907, the Comptroller of the state executed a deed of the same pursuant to the sale. December 7, 1908, the Comptroller made an order allowing a redemption of the lands on the ground that they were occupied at the time of the expiration of the year given for the redemption thereof, and no notice to redeem had been served as required by law. The order was made upon the application of the defendant, Robert C. Pruyn, who claimed to be the owner of the premises, and that he had had the actual, lawful, and exclusive use and possession of the lots from 1898 to the time of the application to redeem. The relator admitted that no notice to redeem had been served by him, but insisted that the facts stated in the papers before the Comptroller did not show an actual occupancy within the meaning of section 134 of the tax law (Consol. Laws, c. 60).

The papers before the Comptroller showed that the defendant, Robert C. Pruyn, was the owner of a private park or preserve in the Adirondack region; that the original purchase was made from the relator July 9, 1892, and consisted of 5,692 acres; that in March, 1898, the

defendant purchased lots 87, 88, and 89 for the purpose of straightening the west line of the preserve; that since that time they have been included therein and habitually used in conjunction therewith; and that Ellis F. Baker, the defendant's superintendent, has actually resided upon the preserve since July 1, 1905, and has had the care, control, and supervision thereof, including the lots claimed by the relator. It was not pretended that any of these lots had been inclosed, cultivated, or improved, but it was undisputed that other portions of the preserve were actually occupied at the expiration of the year given to redeem. The proof showed that prior to that time the defendant had expended $125,000 in the construction of residence and other buildings and $125,000 for roads, fences, waterworks, and other improvements therein; that he had constructed a camp or residence, with all modern conveniences and improvements, large enough for 30 people, which had been occupied by the defendant, his family, and friends during the summer months; that there was a lodge which had been occupied by the defendant's head guide and his family since 1894, a farm cottage which had been continuously occupied by his foreman and his family since 1898, a gate lodge which had been occupied by the defendant's superintendent and his family since July 1, 1906; and that other cottages, camps, and buildings therein were actually occupied by the defendant's employés and servants at the expiration of the time given to redeem. It also appeared that the defendant had kept continuously in the park 12 cows, 10 horses, and 40 sheep; that prior to the sale by the Comptroller he had posted and maintained upon the premises metal notices or signboards more than one foot square warning all persons against shooting, hunting, or trespassing upon said premises, and that such notices were placed not more than 40 rods apart along the entire boundary of the park or preserve, including the lots claimed by the relator, and within the park along the borders of the lakes, ponds, and streams, one for every hundred acres thereof. It was also stated in the affidavit of the defendant that he had "had the actual, lawful, and exclusive use and possession of said lots 87, 88, and 89 aforesaid from the time of the purchase of the same in 1898, and that he had had the possession of the same to the exclusion of every other person ever since that time."

I think that the facts recited constituted an actual occupancy and possession by the defendant of the entire premises within the meaning of the statute. An occupancy that would constitute a good adverse possession of the tract and which might ripen into a title in 20 years was not within the contemplation of the Legislature. Comstock v. Beardsley, 15 Wend. 348. Section 134 of the tax law defines the term "occupant" as meaning "a person who has lawfully entered upon the lands so occupied, and is in possession of the same to the exclusion of every other person," and the term "occupancy" as meaning "the actual, lawful and exclusive use and possession of such land and premises by such an occupant." It was not claimed that any other person had the care, control, use, or occupation of the disputed territory. It was undisputed that the preserve, including these lots, had been cared for, managed and used as an entirety since 1898, and that the defend--

ant had had the use and possession of the same to the exclusion of every other person.

I therefore think that the actual occupancy which the statute requires was established, and that the determination of the Comptroller must be affirmed, with costs. All concur.